L. Kieran Kieckhefer (SBN 251978)
  kkieckhefer@gibsondunn.com
Christina E. Myrold (SBN 324183)
  cmyrold@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:   415.393.8200
Facsimile:   415.393.8306

Ilissa Samplin (SBN 314018)
  isamplin@gibsondunn.com
Shaun A. Mathur (SBN 311029)
  smathur@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

Ahmed ElDessouki (*pro hac vice forthcoming*)
  aeldessouki@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:   212.351.4000
Facsimile:   212.351.4035

*Attorneys for Plaintiff*
*CADENCE DESIGN SYSTEMS, INC.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YUNJING INTELLIGENT INNOVATION (SHENZHEN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE ROBOTICS (DONGGUAN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE TECHNOLOGY DEVELOPMENT (DONGGUAN) CO., LTD. (D/B/A NARWAL), JINGZHI INTELLIGENCE SUPPLY CHAIN (SHENZHEN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE (SHENZHEN) CO., LTD. (D/B/A NARWAL),<br><br>　　　　　Defendants. | Case No. 5:25-cv-00317<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR (1) VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT; AND (2) BREACH OF CONTRACT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Cadence Design Systems, Inc. ("Cadence") hereby brings this Complaint against Defendants Yunjing Intelligent Innovation (Shenzhen) Co., Ltd., Yunjing Intelligence Robotics (Dongguan) Co., Ltd., Yunjing Intelligence Technology Development (Dongguan) Co., Ltd., Jingzhi Intelligence Supply Chain (Shenzhen) Co., Ltd., and Yunjing Intelligence (Shenzhen) Co., Ltd. (together, "Defendants").

**INTRODUCTION**

1. Defendants have repeatedly and illegally exploited counterfeit or "cracked" copies of Cadence's proprietary software to design and sell smart cleaning robots to Defendants' own customers. Through Defendants' extensive, ongoing, and unauthorized access to and use of Cadence's valuable software, Defendants have avoided paying millions of dollars in license fees to Cadence and thereby have obtained an unfair advantage, not only with respect to Cadence, but also against Defendants' competitors who abide by the law and obtain licenses to use Cadence's proprietary software. Defendants' willful and malicious conduct must be stopped, and Cadence must be compensated for the harm Defendants have already caused.

2. Cadence is a worldwide leader in Electronic Design Automation ("EDA") software, which is used by customers in nearly every industry, including automotive, mobile, aerospace, consumer electronics, and healthcare. Cadence has invested significant time and millions of dollars developing its proprietary software. As part of its intellectual property portfolio, Cadence owns registered U.S. copyrights to protect its proprietary software from unauthorized use. To lawfully use Cadence's proprietary software, customers must obtain a license from Cadence and pay ongoing license fees. Defendants have never sought a license from Cadence or any other form of authorization from Cadence to make use of its proprietary software. Instead, Defendants have persisted on an unlawful path—willfully circumventing the technological measures that control access to Cadence's proprietary software and using counterfeit or "cracked" versions of the software without authorization or payment. The U.S. Copyright laws protect copyright holders like Cadence from such flagrant theft.

3. This is not a small-scale operation of theft unbeknownst to Defendants' executives. Defendants' executives know Defendants are making extensive, unauthorized use of Cadence's software because Cadence has sent multiple letters to Defendants describing their illegal conduct and

demanding it cease. Defendants have refused to take Cadence's demands seriously and continue to willfully and blatantly circumvent the technological measures that control access to Cadence's proprietary software, unlawfully use the software without payment, and breach Cadence's Software License and Maintenance Agreement. Cadence brings this action to seek relief for the significant damage caused by Defendants' willful violations of the Digital Millennium Copyright Act ("DMCA") and breach of contract.

## THE PARTIES

4. Plaintiff Cadence is a corporation organized and existing under the laws of the State of Delaware, with its principal place business in San Jose, California.

5. According to publicly available business information, Defendant Yunjing Intelligent Innovation (Shenzhen) Co., Ltd. is a Chinese company, with its principal place of business at No. 188 Wutaishan Road, Hi-Tech Zone, Suzhou, Jiangsu, China.

6. According to publicly available business information, Defendant Yunjing Intelligence Robotics (Dongguan) Co., Ltd. is a Chinese company, with its principal place of business at Room 401, Building 12, No. 2 Xingye Road, Songshan Lake Park, Dongguan City, Guangdong Province, China. According to publicly available business information, Defendant Yunjing Intelligence Robotics (Dongguan) Co., Ltd. is a wholly-owned subsidiary of Defendant Yunjing Intelligent Innovation (Shenzhen) Co., Ltd.

7. According to publicly available business information, Defendant Yunjing Intelligence Technology Development (Dongguan) Co. is a Chinese company, with its principal place of business at Building No. 7, No. 4 Xingye Road, Songshanhu Industrial Park, Dongguan City, Guangdong Province, China. According to publicly available business information, Defendant Yunjing Intelligence Technology Development (Dongguan) Co. is a wholly-owned subsidiary of Defendant Yunjing Intelligent Innovation (Shenzhen) Co., Ltd.

8. According to publicly available business information, Defendant Jingzhi Intelligence Supply Chain (Shenzhen) Co., Ltd. is a Chinese company, with its principal place of business at 1213-2, Main Tower, Maritime Center, No. 1167 Yihai Avenue, Nanshan Street, Qianhai Shenzhen-Hong Kong Cooperation Zone, Shenzhen, China. According to publicly available business information,

Defendant Jingzhi Intelligence Supply Chain (Shenzhen) Co., Ltd. is a wholly-owned subsidiary of Defendant Yunjing Intelligent Innovation (Shenzhen) Co., Ltd.

9. According to publicly available business information, Defendant Yunjing Intelligence (Shenzhen) Co., Ltd. is a Chinese company, with its principal place of business at A2902, Yunzhongcheng, Building 1, Phase 6, Vanke Yuncheng, Da Shi Er Road, Xili Community, Xili Street, Nanshan District, Shenzhen, China. According to publicly available business information, Defendant Yunjing Intelligence (Shenzhen) Co., Ltd. is a wholly-owned subsidiary of Defendant Yunjing Intelligent Innovation (Shenzhen) Co., Ltd.

10. Defendants operate in the United States and elsewhere under the trade name "Narwal."

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 17 U.S.C. §1201, *et seq*. (circumvention of copyright protection systems under the Digital Millennium Copyright Act), and 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a). The Court has supplemental jurisdiction over Cadence's breach of contract claim under 28 U.S.C. §1367(a).

12. This Court has personal jurisdiction over Defendants because Defendants contractually agreed to "submit to exclusive jurisdiction in the federal and state courts of California, U.S.A. in the event of a dispute" pursuant to sections 27 and 26 of the Software License and Maintenance Agreement ("SLMA"). Defendants agreed to this when they installed the pirated Cadence software and thereafter breached the SLMA as alleged herein.

13. This Court also has personal jurisdiction because, as further alleged herein, Defendants have repeatedly circumvented technological measures in this District designed to prevent unauthorized access to and use of Cadence's software and Defendants have used "cracked" and/or unauthorized versions of the software knowing that such circumvention and unauthorized use would cause injury to Cadence in California and this District. The SLMA—to which Defendants necessarily had to agree by installing the software—states that any dispute shall be governed by the "laws of the State of California" and that Cadence's principal place of business is located in San Jose, California.

14. Venue is proper in this District pursuant to the terms of the SLMA. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b), (c), and (d) because Defendants are subject to personal

jurisdiction in this District.

**FACTUAL BACKGROUND**

A.     **The Cadence Software**

15.     Founded in 1988, Cadence is a worldwide leader in EDA software for the semiconductor industry. Cadence's EDA software products, including the Cadence Allegro®, Cadence OrCAD®, Cadence PSpice®, and Cadence Sigrity® design platforms (collectively, the "Cadence Software"), are well-known throughout the EDA world.

16.     The Cadence Software is used by a wide array of customers, including semiconductor manufacturers, car makers, wireless technology makers, and other precision manufacturers. Cadence's sophisticated suite of high-end EDA software allows Cadence's customers to design, model, and optimize printed circuit boards and semiconductor chips that are then sold throughout the world and used in myriad industries—from computers, to cell phones, to remote-controlled drones. The Cadence Software has received awards and accolades from respected publications.

17.     Since its founding, Cadence has invested hundreds of millions of dollars and expended considerable resources researching, developing, designing, and refining the Cadence Software to remain at the forefront of the EDA industry.

18.     Cadence licenses the Cadence Software throughout the United States, Europe, Asia, and other parts of the world. Today, thousands of companies worldwide lawfully use the Cadence Software.

19.     The Cadence Software is a creative and original work subject to copyright protection under Title 17 of the United States Code. Cadence owns the U.S. copyright registrations for the Cadence Software, as well as updates and improvements to those products.

B.     **Cadence's Software Security Measures**

20.     To protect its software and intellectual property against unauthorized use, Cadence has made significant investments in technology designed to prevent unauthorized access or use.

21.     As part of Cadence's copyright protection system, the Cadence Software will not operate unless a user first installs the Cadence License Manager, which is a software management tool that controls use of the Cadence Software to ensure that a customer's use of Cadence Software does

not exceed the number of licenses it has purchased.

22. The Cadence License Manager is typically installed on a server maintained by the user (the "License Server") that is accessible over a network to the computer(s) on which Cadence Software will be installed.

23. Upon the purchase of the Cadence Software, Cadence (as part of its copyright protection system) generates a license file in this District that is associated with the License Server's HostID such that the license file can work only on that particular License Server.

24. When the license file is entered into the Cadence License Manager installed on the License Server, it indicates how many licenses are available for a specific Cadence Software product that has been licensed by the customer. For example, if a customer licenses four copies of Cadence Allegro®, then that customer's end users are permitted to use only up to four instances of Cadence Allegro® software at the same time.

25. Accordingly, a valid license file issued by Cadence in this District is required for a user to use the Cadence Software. Unfortunately, however, and as demonstrated by Defendants' misconduct at issue in this lawsuit, the Cadence Software can be "cracked" by software pirates to circumvent the security measures that limit access to authorized users with valid license files.

26. Cadence has made significant investments in technological measures designed to track unauthorized use, such as by Defendants. Cadence has incorporated industry-standard license compliance reporting software into the Cadence Software. When unauthorized use is detected (*e.g.*, when a user bypasses a technological security measure by using counterfeit license files or when a user alters the Cadence Software by circumventing the license mechanism), Cadence's license compliance reporting software sends information concerning the unauthorized use of Cadence Software back to Cadence. This software is referred to in the industry as a "phone home" system ("Phone Home System"). Using the Phone Home System, Cadence detects, identifies, and collects information pertaining to unauthorized use of the Cadence Software. The Phone Home System detects tampering— for example, by checking whether the software binary has been modified—and transmits data regarding such unauthorized use to Cadence via the Internet.

C.  **Cadence's Clickwrap License Agreement**

27.  The Cadence License Manager cannot be installed unless a user first accepts an agreement with Cadence. When installing the Cadence License Manager, a user is prompted to accept the terms of Cadence's SLMA, which the user must affirmatively "click" to accept to install the software.

28.  The terms of the SLMA vary depending on the version of the associated software. Attached as Exhibits 1 and 2, by way of example, are two versions of the SLMA which Defendants necessarily accepted when Defendants installed Cadence Software versions 16.5 and 16.6, respectively, without authorization.

29.  The SLMA to which Defendants agreed imposed various obligations on Defendants.

30.  The SLMA obligated Defendants "to take all reasonable steps and to exercise due diligence to protect the [Cadence Software] from unauthorized reproduction, publication, or distribution," and required Defendants to "have a reasonable mechanism in place to ensure that the Software may not be used or copied by unlicensed persons" "[i]f the Software is copied to or used on a computer attached to a network" (the "Reasonable Steps Provision").

31.  The SLMA also obligated Defendants to "keep full, clear and accurate records to confirm [their] authorized Use of the [Cadence Software] hereunder, including but not limited to ensuring that [Defendants] ha[ve] not exceeded the number of authorized copies of [Cadence Software] and other obligations hereunder. Cadence shall have the right to audit such records during regular business hours to confirm [Defendants'] compliance with [their] obligations hereunder" (the "Audit Provision"). The Audit Provision further required Defendants to "promptly correct any deficiencies discovered by such audit including payment to Cadence of the amount of any shortfall in Fees uncovered by such audit plus interest at the rate of one and one-half percent (1½%) per month. If the audit uncovers any shortfall in payment of more than five percent (5%) for any quarter, then [Defendants] shall also promptly pay to Cadence the costs and expenses of such audit, including fees of auditors and other professionals incurred by Cadence in connection with such audit."

32.  The SLMA also obligated Defendants to "promptly inform Cadence in writing and provide such information as Cadence determines necessary to properly maintain the [Cadence

1  Software]" if Defendants made "modifications, interfaces, and/or other changes to the [Cadence
2  Software]" (the "Notification Provision").

3      33.    The SLMA further provided that, "[i]n the event a party brings legal action against the
4  other party to enforce the terms of this Agreement, the prevailing party shall be entitled to recover
5  reasonable attorneys' fees and expenses for any proceeding, at or before trial and upon appeal, in
6  addition to any other relief deemed appropriate by the court" (the "Attorneys' Fees Provision").

7      34.    When attempting to install the Cadence License Manager, a user must select "I accept
8  the terms of the [SLMA]" to proceed with installation.  If the user does not select the "I accept" option,
9  or if the user selects "I do not accept the terms of the license agreement," the user cannot proceed with
10 installation of the License Manager.

11     35.    After the user installs the License Manager, the user may then install the Cadence
12 Software on the client desktops or laptops connected to the License Server.  When the user installs the
13 Cadence Software, the user must again accept the terms of the SLMA by selecting the "I accept" option.
14 As before, if the user does not select the "I accept" option, or if the user selects "I do not accept the
15 terms of the license agreement," the user cannot proceed with installation of the Cadence Software.

16 **D.**    **Defendants' Unauthorized Access and Use of Cadence Software**

17     36.    According to Defendants' website, Defendants manufacture smart cleaning robots and
18 sell them worldwide, including in the United States, China, Europe, and Australia.

19     37.    Defendants are not customers of Cadence and have never obtained a valid license from
20 Cadence to access and use the Cadence Software.

21     38.    Over the last several years, Defendants have repeatedly and illegally obtained, copied,
22 reproduced, and used the Cadence Software without authorization from Cadence and in violation of
23 the SLMA that Defendants necessarily accepted and agreed to be bound by when illegally installing
24 the Cadence Software.

25     39.    On information and belief, Defendants have knowingly used illegal "cracked" copies of
26 the Cadence Software and/or obtained unauthorized copies of the Cadence Software from websites,
27 including file sharing and torrent sites known to traffic in illegal software and other content.

28     40.    On information and belief, Defendants also knowingly obtained counterfeit license files

from such sources and used them to circumvent electronic protections built into the software.

41. Defendants knowingly used "cracked" and/or unauthorized versions of the Cadence Software and/or counterfeit license files to use the Cadence Software without having to pay Cadence for a legitimate license.

42. Cadence's Phone Home System has detected over 200,000 instances of Defendants' unauthorized use of the Cadence Software.

43. By using the Cadence Software without authorization and by circumventing Cadence's technological measures, Defendants have avoided paying Cadence millions of dollars in license fees.

E. **Defendants' Continued Unauthorized Use of Cadence Software**

44. Cadence has sent multiple letters to Defendants demanding that Defendants cease their unauthorized use of the Cadence Software and compensate Cadence for Defendants' previous unauthorized use.  Additionally, Cadence sent a letter on September 27, 2024 demanding that Defendants comply with the audit provision in the SLMA.  Defendants have not taken any of Cadence's demands seriously, demonstrating Defendants' willful disregard of Cadence's rights and thereby further breaching the SLMA.

45. Defendants have continued their unauthorized access to and illegal use of the Cadence Software to this day.

## CLAIMS FOR RELIEF

## COUNT I

**(Circumvention of Copyright Protection Systems under 17 U.S.C. § 1201)**

46. Cadence incorporates and realleges by reference paragraphs 1 through 45 above as though set forth in full herein.

47. The Cadence License Manager and Cadence Software employ technological mechanisms that effectively provide security-controlled access to the work and copyright protections.

48. Defendants have modified the Cadence License Manager, the Cadence Software, and/or the associated license files.  Defendants made these modifications to the Cadence License Manager, Cadence Software, and/or the associated license files to bypass the required entry of a license file and/or otherwise used unauthorized, "cracked" license files to circumvent the technological protection

measures designed to limit access to the copyrighted software, enabling Defendants to bypass Cadence's security access mechanisms and copyright protections in the Cadence Software in violation of the Digital Millennium Copyright Act ("DMCA"), including 17 U.S.C. § 1201(a)(1).

49. Defendants' actions in violation of the DMCA have been knowing and willful, as Defendants have failed to take seriously Cadence's repeated demands that Defendants cease their unlawful conduct and have instead continued making unauthorized use of the Cadence Software to this day.

50. On information and belief, Defendants also materially contribute to the circumvention of the technological measures by obtaining, downloading, and copying from unauthorized versions of the Cadence License Manager, Cadence Software, and/or license files from sources known to traffic in illegal content, and are therefore also contributorily liable for the circumvention of Cadence's technological measures.

51. Defendants' unlawful conduct is causing irreparable harm to Cadence, and Defendants' unlawful conduct will continue to cause Cadence irreparable harm unless Defendants are enjoined by this Court. Cadence has no adequate remedy at law. Cadence is entitled to injunctive relief pursuant to 17 U.S.C. § 1203.

52. As a result of Defendants' wrongful actions, Cadence has suffered damages in an amount to be proven at trial. Cadence is entitled to its actual damages and Defendants' profits or, alternatively, maximum statutory damages per act of circumvention, device, product, component, offer, or performance of service, as well as its costs, attorneys' fees, and interest.

## COUNT II

### (Breach of Contract)

53. Cadence incorporates and realleges by reference paragraphs 1 through 52 above as though set forth in full herein.

54. In order to install the License Manager and the Cadence Software, Defendants expressly agreed to and became bound by the SLMA corresponding to each version of the Cadence Software that Defendants used without authorization.

55. As set forth above, the Reasonable Steps Provision of the SLMA obligated Defendants

to take all reasonable steps and to exercise due diligence to protect the Cadence Software from unauthorized use and required Defendants to have a reasonable mechanism in place to ensure the Cadence Software would not be used by unauthorized persons. Defendants breached, and continue to breach, the Reasonable Steps Provision by failing to take any steps, to exercise any diligence, or to implement any mechanism to prevent unauthorized use of the Cadence Software.

56. The Audit Provision of the SLMA also obligated Defendants to keep full, clear, and accurate records of their use of the Cadence Software and required Defendants to permit Cadence to audit such records to confirm Defendants' compliance with the SLMA. Defendants breached, and continue to breach, the Audit Provision by ignoring, and thus refusing, Cadence's demand that it be permitted to audit Defendants' records. Had Cadence been permitted to exercise its contractual audit right, it would have discovered the full extent of Defendants' unauthorized use of the Cadence Software and determined the full amount of fees and interest that Defendants owe Cadence for Defendants' unauthorized use.

57. The Notification Provision of the SLMA further obligated Defendants to promptly inform Cadence in writing of any modifications Defendants made to the Cadence Software. Defendants breached, and continue to breach, the Notification Provision by modifying the Cadence Software and failing to promptly inform Cadence of such modifications.

58. As a result of Defendants' breaches of these provisions, Cadence has suffered, and will continue to suffer, damages, including unpaid license fees, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Cadence prays for the following relief against Defendants:

A. An order permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and affiliated companies, their assigns and successors in interest, and those persons in active concert or participation with Defendants, from the misconduct alleged herein;

B. An order awarding Cadence monetary, including compensatory, actual, and/or nominal, damages in an amount to be determined at trial;

C. An order awarding Cadence its actual damages and disgorgement of Defendants' profits under the DMCA, or, at the election of Cadence, maximum statutory damages, enhanced for

Defendants' willful misconduct, for each instance in which Defendants violated the DMCA;

  D. An order awarding Cadence its attorneys' fees, costs, and expenses;

  E. An order awarding Cadence pre-judgment and post-judgment interest;

  F. An order for an accounting and restitution of all gains, profits, cost savings, and advantages realized by Defendants from their unlawful acts;

  G. An order requiring Defendants to deliver upon oath, to be impounded during the pendency of this action, all infringing copies of Cadence's copyrighted works, any unauthorized software used to circumvent the licensing restrictions on the Cadence Software, and any products produced, designed, or manufactured, in part or in whole, with or in conjunction with the Cadence Software; and that an order of impoundment and/or seizure in respect of the foregoing be issued out of this Court in the manner provided by the DMCA; and that at the conclusion of this action, the Court shall order all such materials so held to be surrendered to Cadence or to be destroyed under a Writ of Destruction issued under 17 U.S.C. § 1203, whichever this Court deems to be most just and proper;

  H. All such further and additional relief, in law or equity, to which Cadence may be entitled or which the Court deems just and proper.

## JURY DEMAND

Cadence demands a trial by jury on all issues so triable.

DATED: January 9, 2025        Respectfully submitted,

                GIBSON, DUNN & CRUTCHER LLP

                By: */s/ L. Kieran Kieckhefer*
                   L. Kieran Kieckhefer
                   Ilissa Samplin
                   Shaun A. Mathur
                   Ahmed ElDessouki
                   Christina E. Myrold

                *Attorneys for Plaintiff Cadence Design Systems, Inc.*