L. Kieran Kieckhefer (SBN 251978)
    kkieckhefer@gibsondunn.com
Christina Myrold (SBN 324183)
    cmyrold@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3715
Telephone:     415.393.8200
Facsimile:     415.393.8306

Ilissa Samplin (SBN 314018)
    isamplin@gibsondunn.com
Shaun A. Mathur (SBN 311029)
    smathur@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:     213.229.7000
Facsimile:     213.229.7520

Ahmed ElDessouki (*admitted pro hac vice*)
    aeldessouki@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:     212.351.4000
Facsimile:     212.351.4035

*Attorneys for Plaintiff*
*CADENCE DESIGN SYSTEMS, INC.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., | CASE NO. 3:25-cv-00317-AMO |
| Plaintiff, | **DECLARATION OF ILISSA SAMPLIN IN SUPPORT OF PLAINTIFF CADENCE DESIGN SYSTEMS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| YUNJING INTELLIGENT INNOVATION (SHENZHEN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE ROBOTICS (DONGGUAN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE TECHNOLOGY DEVELOPMENT (DONGGUAN) CO., LTD. (D/B/A NARWAL), JINGZHI INTELLIGENCE SUPPLY CHAIN (SHENZHEN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE (SHENZHEN) CO., LTD. (D/B/A NARWAL), | Date:      August 28, 2025<br>Time:      2:00 PM<br>Ctrm:      10, 19th Floor<br>Judge:     Hon. Araceli Martínez-Olguín |
| Defendants. | |

Gibson, Dunn & Crutcher LLP

I, Ilissa Samplin, hereby declare as follows:

1.      I am an attorney licensed to practice law in the State of California and in the United States District Court for the Northern District of California.  I am a Partner at the law firm of Gibson, Dunn & Crutcher LLP, and am one of the attorneys representing Cadence Design Systems, Inc. ("Cadence") in this case.  Unless stated otherwise, I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.  I submit this declaration in support of Cadence's Opposition to Defendants' Motion to Dismiss.

2.      Cadence filed this action against Defendants Yunjing Intelligent Innovation (Shenzhen) Co., Ltd., Yunjing Intelligence Robotics (Dongguan) Co., Ltd., Yunjing Intelligence Technology Development (Dongguan) Co., Ltd., Jingzhi Intelligence Supply Chain (Shenzhen) Co., Ltd., and Yunjing Intelligence (Shenzhen) Co., Ltd. on January 9, 2025.  Dkt. No. 1.

3.      When Defendants filed their Motion to Dismiss and the supporting Declaration of Panbing Lu ("Lu Declaration") (Dkt. Nos. 32, 33), the parties had not conducted any discovery. Cadence served discovery requests relating to the assertions in the Lu Declaration on May 2, 2025. Defendants have not yet produced any responsive information and have instead made clear that they intend to resist all discovery at this time.  On May 5, 2025, Defendants filed a motion to stay discovery pending their motion to dismiss.  *See* Dkt. Nos. 42, 46, 48.  The motion to stay discovery is fully briefed and set for hearing on August 7, 2025.

4.      As a result of Defendants' efforts to avoid engaging in discovery, Cadence has not had any opportunity to conduct or receive the discovery necessary to rebut the assertions in the Lu Declaration and to respond to Defendants' Motion to Dismiss to the extent it is converted into a motion for summary judgment.  For example, Cadence has not been able to conduct any discovery into the extent to which Defendants serve markets in the United States, or whether Defendants have ever conducted any operations in the United States, have ever had any employees in the United States, have owned any computer equipment or servers in the United States, or have engaged in activities that would require the use of Cadence's software.  Nor has Cadence been able to conduct discovery about Defendants' employment, contract approval, and IT policies and procedures.  And, given that Lu appears to reside in China, Cadence has not had an opportunity to depose him either.

5.      Should Defendants' motion be converted into a motion for summary judgment, Cadence would need discovery on at least the following issues to sufficiently oppose the motion:

a)      Which Defendants employed the individuals who downloaded, obtained, copied, reproduced, or otherwise used "cracked" or unauthorized copies of Cadence's software;

b)      The nature of the relationship between Defendants' various entities;

c)      The methods through which Defendants circumvented Cadence's technological measures and obtained "cracked" copies of Cadence's software;

d)      Defendants' use of Cadence's software to design and manufacture their smart cleaning robots;

e)      The extent to which Defendants have developed a United States and California market for their smart cleaning robots, including any advertising Defendants conduct in the United States and California, and Defendants' sales of smart cleaning robots to retailers and consumers in the United States and California;

f)      Defendants' purported employment, contract approval, and IT policies;

g)      The authority Defendants' employees have to enter into contracts that bind Defendants; and

h)      Defendants' records indicating their acceptance of the Cadence Software License and Maintenance Agreement.

6.      Cadence has no ability to obtain evidence on the foregoing issues without discovery, and any such evidence would be in the possession of Defendants.

7.      Attached hereto as **Exhibit A** is a true and correct copy of a screenshot, taken by a member of my team working under my supervision on May 29, 2025, of a Best Buy webpage indicating that Narwal's Freo Z Ultra Robot Vacuum could be purchased and picked up at Best Buy's "The Plant" location, 181 Curtner Ave., San Jose, California 95125.

8.      Attached hereto as **Exhibit B** is a true and correct copy of a screenshot, taken by a member of my team working under my supervision on May 29, 2025, of a Best Buy webpage indicating that Narwal's Freo X Ultra Bonus Pack Robot Vacuum could be purchased and picked up at Best Buy's "Union City" location, 31350 Courthouse Dr., Union City, California 94587.

9.      Attached hereto as **Exhibit C** is a true and correct copy of a screenshot, taken by a member of my team working under my supervision on May 29, 2025, of a Home Depot webpage indicating that Narwal's Freo X Ultra Robot Vacuum and Mop with Base station could be purchased and picked up at Home Depot's "San Jose (Ge)" location, 2181 Monterey Hwy, San Jose, California 95125.

10.      Attached hereto as **Exhibit D** is a true and correct copy of a screenshot, taken by a member of my team working under my supervision on May 29, 2025, of a Lowe's webpage indicating that Narwal's Accessories Pack for Narwal Freo X Ultra Robot Liquid Floor Cleaner 1 Count could be purchased and picked up at the "E. San Jose Lowe's" location, 775 Ridder Park Drive, San Jose, California 95131.

11.      Attached hereto as **Exhibit E** is a true and correct copy of a screenshot, taken by a member of my team working under my supervision on May 29, 2025, of a Lowe's webpage indicating that Narwal's Freo X Plus Robot Vacuum and Mop Liquid Floor Cleaner could be purchased and picked up at the "E. San Jose Lowe's" location, 775 Ridder Park Drive, San Jose, California 95131.

12.      Attached hereto as **Exhibit F** is a true and correct copy of a screenshot, taken by a member of my team working under my supervision on May 29, 2025, of a Lowe's webpage indicating that Narwal's Freo X Ultra Bonus Pack Robot Vacuum and Mop Liquid Floor Cleaner could be purchased and picked up at the "E. San Jose Lowe's" location, 775 Ridder Park Drive, San Jose, California 95131.

13.      Attached hereto as **Exhibit G** is a true and correct copy of a screenshot, taken by a member of my team working under my supervision on May 29, 2025, of a Target webpage indicating that Narwal's Freo X Ultra Bonus Cordless Robotic Vacuum could be shipped to addresses in the 95113 zip code.

14.      Attached hereto as **Exhibit H** is a true and correct copy of a screenshot, taken by a member of my team working under my supervision on May 29, 2025, of webpage archived by the Internet Archive Wayback Machine from November 7, 2024, indicating that consumers in the United States could purchase Narwal's Freo X Ultra Bonus Pack Robot Vacuum from Best Buy's website.

15.    Attached hereto as **Exhibit I** is a true and correct copy of a screenshot, taken by a member of my team working under my supervision on May 29, 2025, of a webpage archived by the Internet Archive Wayback Machine from November 23, 2024, indicating that consumers in the United States could purchase Narwal's Freo Mate Robot Vacuum and Mop Combo from Best Buy's website.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on June 2, 2025, at Los Angeles, California.

_____
                    Ilissa Samplin

DECLARATION OF ILISSA SAMPLIN – CASE NO. 3:25-CV-00317-AMO

Gibson, Dunn & Crutcher LLP