L. Kieran Kieckhefer (SBN 251978)
  kkieckhefer@gibsondunn.com
Christina Myrold (SBN 324183)
  cmyrold@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

Ilissa Samplin (SBN 314018)
  isamplin@gibsondunn.com
Shaun A. Mathur (SBN 311029)
  smathur@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Ahmed ElDessouki (*admitted pro hac vice*)
  aeldessouki@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Plaintiff*
CADENCE DESIGN SYSTEMS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> YUNJING INTELLIGENT INNOVATION (SHENZHEN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE ROBOTICS (DONGGUAN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE TECHNOLOGY DEVELOPMENT (DONGGUAN) CO., LTD. (D/B/A NARWAL), JINGZHI INTELLIGENCE SUPPLY CHAIN (SHENZHEN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE (SHENZHEN) CO., LTD. (D/B/A NARWAL), <br><br> Defendants. | CASE NO. 3:25-cv-00317-AMO <br><br> **DECLARATION OF ILISSA SAMPLIN REGARDING PROPOSED PROTECTIVE ORDER** <br><br> Judge: Hon. Araceli Martínez-Olguín |

I, Ilissa Samplin, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California and in the United States District Court for the Northern District of California. I am a Partner at the law firm of Gibson, Dunn & Crutcher LLP, and am one of the attorneys representing Cadence Design Systems, Inc. ("Cadence") in this case. Unless stated otherwise, I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration pursuant to Judge Martínez-Olguín's Standing Order regarding the submission of the parties' Protective Order.

2. Attached hereto as **Exhibit 1** is a true and correct copy of a redline version comparing the parties' proposed Protective Order with the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "Model Order").

3. On page 3 of Exhibit 1, the parties inserted a preamble to show that they are all entering into the Protective Order.

4. On page 3 of Exhibit 1, "Section 14.4" is changed to "Section 12.4" consistent with the parties' other revisions.

5. On pages 4, 5, 7, 9–20 of Exhibit 1, the parties removed certain "optional" or alternative language from the Model Order.

6. On page 8 of Exhibit 1 (section 5.2(b)), the parties change extend the time allowed for designating testimony in the Model Order from 21 days to 30 days.

7. On page 11 of Exhibit 1 (section 7.1), "section 15" is changed to "Section 13" consistent with the parties' other revisions.

8. On page 11 of Exhibit 1 (section 7.2(e)), the parties added "mock jurors" to the list of allowed disclosures of "CONFIDENTIAL" information.

9. On page 12 of Exhibit 1 (section 7.3(a)), the parties removed the requirement that employees of outside counsel of record must sign Exhibit A to the Protective Order before reviewing HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information.

10. On page 12 of Exhibit 1 (section 7.3(b)), the parties included that up to two designated in-house counsel members may review HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information.

11. On page 14 of Exhibit 1 (section 7.4(a)(2)), the parties added that if an Expert is outside of the United States, the Receiving Party must also disclose the country where that Expert is located.

12. On page 21 of Exhibit 1 (section 12.3), in the optional section on Export Control, the parties removed the language requiring the Producing Party to be responsible for identifying controlled technical data and the Receiving Party to take measures necessary to ensure compliance.

13. On page 21 of Exhibit 1 (section 13), the parties changed "paragraph" to "Section" for consistency.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on July 22, 2025, at Los Angeles, California.

                                               /s/   Ilissa Samplin
                                                             Ilissa Samplin