Chao "Wendy" Wang (Bar No. 289325)
wendy.wang@bakerbotts.com
Chuantong "Leon" Wang (Bar No. 359121)
leon.wang@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mil Rd., Ste. 200
Palo Alto, CA 94304
Tel: (650) 739-7514
Fax: (650) 739-7614

Alison Sigurdsson (Bar No. 308043)
alison.sigurdsson@bakerbotts.com
BAKER BOTTS LLP
101 California St., Ste. 3200
San Francisco, CA 94111
Tel: (415) 291-6248

Zhe Wang (*appearance pro hac vice*)
philip.wang@bayes.law
Kris Teng (*appearance pro hac vice*)
kris.teng@bayes.law
BAYES PLLC
8260 Greensboro Dr., Suite 625
McLean, VA 22102
Tel: (703) 995-9887
Fax: (703) 821-8128

J. Benjamin Bai (*appearance pro hac vice*)
benjamin.bai@cn.kwm.com
King & Wood Mallesons LLP
50th Floor, 500 Fifth Avenue
New York, NY 10110
Tel.: (212) 319-4755
Fax: (917) 591-8167

Haolu Feng (*appearance pro hac vice*)
harry.feng@cn.kwm.com
King & Wood Mallesons
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031 China
Tel.: +86 21 2352 6585
Fax: +86 21 2412 6150

*Attorneys for Defendants*
YUNJING INTELLIGENT INNOVATION (SHENZHEN)
CO., LTD., et al.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> YUNJING INTELLIGENT INNOVATION (SHENZHEN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE ROBOTICS (DONGGUAN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE TECHNOLOGY DEVELOPMENT (DONGGUAN) CO., LTD. (D/B/A NARWAL), JINGZHI INTELLIGENCE SUPPLY CHAIN (SHENZHEN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE (SHENZHEN) CO., LTD. (D/B/A NARWAL), <br><br> Defendants. | Case No. 3:25-cv-00317-AMO <br><br> **DECLARATION OF ZHE WANG IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** <br><br> Judge: Hon. Araceli Martínez-Olguín <br><br> Action Filed: January 9, 2025 <br> Trial Date: None Set |

I, Zhe Wang, declare as follows:

1. I am a partner at the law firm of Bayes PLLC, and counsel for Defendants Yunjing Intelligent Innovation (Shenzhen) Co., Ltd., Yunjing Intelligence Robotics (Dongguan) Co., Ltd., Yunjing Intelligence Technology Development (Dongguan) Co., Ltd., Jingzhi Intelligence Supply Chain (Shenzhen) Co., Ltd., and Yunjing Intelligence (Shenzhen) Co., Ltd. (collectively, "Defendants") in this action. The statements made herein are of my own knowledge and, if called upon to testify thereof, I could and would do so competently.

2. Pursuant to Civil Local Rule 79-5, Defendants hereby submit this Declaration in Support of Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [ECF No. 78] ("Motion to Consider").

3. In its Motion to Consider, Plaintiff listed the following materials containing information designated by Defendants as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order [ECF No. 57].

| | Document | Portions Filed Provisionally Under Seal |
|---|---|---|
| 1 | Plaintiff's Supplemental Brief Regarding Personal Jurisdiction (portions quoting or citing documents designated Highly Confidential – Attorneys' Eyes Only by Defendants) | • Page 2, lines 14–15<br>• Page 4, lines 24–25 (citing Exs. E1, E2, F1, F2)<br>• Page 5, lines 1–3 (citing Exs. G1, G2, H1, H2, I1, I2, J1, J2)<br>• Page 5, lines 5–10 (citing Exs. G1, G2, H1, H2, J1, J2)<br>• Page 6, lines 10–12<br>• Page 9, lines 1–3 (citing Exs, K1, K2, L1, L2, M1, M2, N1, N2)<br>• Page 10, lines 14–15, 27–28 |
| 2 | Kieckhefer Decl. Ex. B (designated Highly Confidential – Attorneys' Eyes Only by Defendants) | Entirely under seal |

| | | |
|---|---|---|
| 3 | Kieckhefer Decl. Ex. E (designated Highly Confidential – Attorneys' Eyes Only by Defendants) | Entirely under seal |
| 4 | Kieckhefer Decl. Exs. F1, F2 (designated Confidential by Defendants) | Entirely under seal |
| 5 | Kieckhefer Decl. Exs. G1, G2 (designated Highly Confidential – Attorneys' Eyes Only by Defendants) | Entirely under seal |
| 6 | Kieckhefer Decl. Exs. H1, H2 (designated Highly Confidential – Attorneys' Eyes Only by Defendants) | Entirely under seal |
| 7 | Kieckhefer Decl. Exs. I1, I2 (designated Highly Confidential – Attorneys' Eyes Only by Defendants) | Entirely under seal |
| 8 | Kieckhefer Decl. Exs. J1, J2 (designated Highly Confidential – Attorneys' Eyes Only by Defendants) | Entirely under seal |
| 9 | Kieckhefer Decl. Exs. K1, K2 (designated Highly Confidential – Attorneys' Eyes Only by Defendants) | Entirely under seal |
| 10 | Kieckhefer Decl. Exs. L1, L2 (designated Highly Confidential – Attorneys' Eyes Only by Defendants) | Entirely under seal |
| 11 | Kieckhefer Decl. Exs. M1, M2 (designated Highly Confidential – Attorneys' Eyes Only by Defendants) | Entirely under seal |
| 12 | Kieckhefer Decl. Exs. N1, N2 (designated Highly Confidential – Attorneys' Eyes Only by Defendants) | Entirely under seal |

4. Defendants do not seek to seal any of the highlighted portions in Plaintiff's Supplemental Brief(Row 1 of the chart above).

5. Ex. B to the Kieckhefer Declaration contains Defendants' corporate IP addresses highlighted on p. 14 and the origins of Cadence Software at issue in this matter highlighted on p. 10.

*See Plexxikon Inc. v. Novartis Pharms. Corp.*, 2022 WL 1131725, at *1 (N.D. Cal. Mar. 31, 2022) (justifying sealing court records when such "court files might have become a vehicle for improper purposes"). Thus, same as Exhibit B to Defendants' Supplemental Brief (ECF No. 80-5), Defendants respectfully request sealing of the following two portions of Ex. B—

- Page 10, line 22
- Page 14, lines 10-11

6. Defendants do not seek to seal Ex. E to the Kieckhefer Declaration.

7. Exs. F1-F2 to the Kieckhefer Declaration contain both parties' non-public business sensitive information. *See Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *1–2 (N.D. Cal. Mar. 24, 2020) (allowing documents containing "sensitive, non-public, confidential, and propriety business information" to be sealed). Thus, Defendants respectfully request sealing of Exs. F1-F2 in their entirety.

8. Exs. G1-J2 to the Kieckhefer Declaration contain Defendants' non-public business sensitive information in the form of agreements. *See EpicentRx, Inc. v. Carter*, 2021 WL 4521064, at *3 (S.D. Cal. Oct. 4, 2021) (ruling against public dissemination of contract that, if disclosed, could harm the producing party's business relationship with its collaborators). Thus, Defendants respectfully request sealing of Exs. G1-J2 in their entirety.

9. Exs. K1-N2 to the Kieckhefer Declaration contain Defendants' non-public business sensitive information in the form of internal rules and management policies. *See Adtrader, Inc.*, at *1-2. Thus, Defendants respectfully request sealing of Exs. K1-N2 in their entirety.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 24, 2025 in Shenzhen, China.

DATED: November 24, 2025         BAYES PLLC

                                 By:  /s/ Zhe Wang
                                      Zhe Wang