L. Kieran Kieckhefer (SBN 251978)
kkieckhefer@gibsondunn.com
Christina Myrold (SBN 324183)
cmyrold@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

Ilissa Samplin (SBN 314018)
isamplin@gibsondunn.com
Shaun A. Mathur (SBN 311029)
smathur@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Ahmed ElDessouki (*pro hac vice*)
aeldessouki@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Plaintiff*
CADENCE DESIGN SYSTEMS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> YUNJING INTELLIGENT INNOVATION (SHENZHEN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE ROBOTICS (DONGGUAN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE TECHNOLOGY DEVELOPMENT (DONGGUAN) CO., LTD. (D/B/A NARWAL), JINGZHI INTELLIGENCE SUPPLY CHAIN (SHENZHEN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE (SHENZHEN) CO., LTD. (D/B/A NARWAL), <br><br> Defendants. | CASE NO. 3:25-cv-00317-AMO <br><br> **CADENCE'S MOTION TO SUPPLEMENT THE RECORD ON NARWAL'S MOTION TO DISMISS COMPLAINT** <br><br> Judge: Hon. Araceli Martínez-Olguín <br><br> Hearing Date: May 28, 2026 <br> Time: 2:00 pm <br> Action Filed: January 9, 2025 <br> Trial Date: June 14, 2027 |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on May 28, 2026 at 2:00 pm before the Honorable Araceli Martínez-Olguín, in Courtroom 10 of the San Francisco Courthouse, located 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Cadence Design Systems, Inc. ("Cadence") will and hereby does move this Court to supplement the record on the Motion to Dismiss Complaint (Dkt. No. 32) filed by Defendants Yunjing Intelligent Innovation (Shenzhen) Co., Ltd., Yunjing Intelligence Robotics (Dongguan) Co., Ltd., Yunjing Intelligence Technology Development (Dongguan) Co., Ltd., Jingzhi Intelligence Supply Chain (Shenzhen) Co., Ltd., and Yunjing Intelligence (Shenzhen) Co., Ltd. ("Defendants" or "Narwal").

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Christina Myrold and exhibits attached thereto, all other pleadings and papers on file in this action, any oral argument that may be heard by the Court, and any other matters that the Court may deem appropriate.

DATED: January 26, 2026                    Respectfully submitted,

                                                  GIBSON, DUNN & CRUTCHER LLP

                                                  By: */s/ L . Kieran Kieckhefer*
                                                          L. Kieran Kieckhefer
                                                          Ilissa Samplin
                                                          Shaun A. Mathur
                                                          Ahmed ElDessouki
                                                          Christina Myrold

                                                *Attorneys for Plaintiff*
                                                *Cadence Design Systems, Inc.*


## I.   INTRODUCTION

Cadence requests leave to supplement the record on Narwal's motion to dismiss (Dkt. No. 32) with four court filings from two antitrust lawsuits Narwal filed in China against Cadence's Shanghai-based subsidiaries (hereinafter, the "China Lawsuits")—which Cadence only learned about after briefing closed on Narwal's motion to dismiss here.

Narwal's claims in the China Lawsuits directly contradict key arguments Narwal has made in its motion to dismiss here. In this Court, Narwal has argued that it cannot be bound by the forum selection clause in Cadence's clickwrap agreement (the "SLMA")—which a user must accept to use Cadence's software—because company policy prohibits Narwal employees from downloading pirated software and any "rogue" employees who used the software and accepted the SLMA in violation of that policy cannot bind the company. But Narwal is telling the exact opposite story in the China Lawsuits where it is a plaintiff. Far from its claim here that only "rogue" employees used Cadence's software and accepted the SLMA without authorization, in the China Lawsuits Narwal affirmatively alleges that its products and infrastructure are "highly dependent" on Cadence's copyrighted software—so much so that Narwal would incur "huge financial losses and conversion costs" if required to switch to an alternative provider. Narwal's admission in the China Lawsuits that it is "highly dependent" on Cadence's software demonstrates that Narwal's actual policy and company directive is *to use* Cadence's software without authorization, and that Narwal employees who accepted the SLMA did so as a matter of company policy and with authority to bind the company. Because Narwal's filings in the China Lawsuits are relevant to—and squarely contradict Narwal's representations in—its motion to dismiss, and Cadence learned of those filings only after briefing closed on the motion to dismiss, good cause exist for the Court to allow Cadence to supplement the record with those filings.

## II.   FACTUAL BACKGROUND

**A.   Cadence's Claims In This Lawsuit**

On January 9, 2025, Cadence filed the Complaint and asserted claims against Narwal for repeated violations of the Digital Millennium Copyright Act and breaches of Cadence's SLMA. Dkt. No. 1 ("Compl."). Cadence's claims arise out of Narwal's widespread theft and unauthorized use of

Gibson, Dunn & Crutcher LLP

Cadence's copyrighted software, which has been ongoing for years and has continued after the filing of this lawsuit. Compl. ¶¶ 38–45. Narwal has never obtained a valid license to use Cadence's software, nor has it paid Cadence any licensing fees for its massive scale use of Cadence's software. *Id.* ¶¶ 37, 43. Instead, Narwal has engaged in a scheme to illegally use Cadence's copyrighted software without authorization or payment and in breach of the SLMA, which Narwal necessarily agreed to when it downloaded and used Cadence's software. *Id.* ¶¶ 27–35.

As further described in Cadence's Complaint, a user of Cadence's software cannot install and use the software without first accepting the terms of Cadence's SLMA. Compl. ¶¶ 27–28, 34–35; *see also* Dkt. No. 49 at p. 3. Narwal entered into at least two versions of the SLMA, each providing that the user "submit[s] to exclusive jurisdiction in the federal and state courts of California, U.S.A. in the event of a dispute," and that any dispute shall be governed by "the laws of the State of California." Compl. ¶¶ 12–13; *see also* Dkt Nos. 28-1, 28-2. Cadence pled several bases for the Court's jurisdiction over Narwal and proper venue in this District, including based on the forum selection clause in the SLMA. Compl. ¶¶ 11–14; *see also* Dkt. No. 49 at pp. 6–16; Dkt. No. 77-1.

**B.     Narwal's Motion Dismiss**

On April 21, 2025, Narwal filed a motion to dismiss, which, among other things, challenges jurisdiction, venue, and the sufficiency of Cadence's breach of contract claim based on the SLMA. *See* Dkt. No. 32. Narwal filed its reply in support of the motion on June 23, 2025 (Dkt. No. 51), and the motion was fully briefed as of November 18, 2025, when the parties filed motions for leave to file supplemental briefing on jurisdiction (Dkt. Nos. 77, 80). The motion is set to be heard on February 26, 2026.

In connection with the motion to dismiss, Narwal filed a declaration from its in-house counsel in China swearing under oath that Narwal "strictly adheres to an IT/Information Security policy that prohibits its employees from using unlicensed software or cracked licenses," and Narwal "has never agreed to the SLMA." Dkt. No. 33 ¶¶ 10, 12. Relying on this declaration, Narwal argued in its motion to dismiss that Cadence's "theory" of jurisdiction, venue, and breach of contract based on the SLMA, relies on "hypothetical rogue individuals who allegedly clicked a clickwrap SLMA without authority, in defiance of corporate policy, and with zero power to bind Defendants," and "[s]uch unilateral,

unauthorized acts—by low-level actors violating express company rules—is not even a close call to bind a corporation to a contract." Dkt. No. 32 at 22.

### C. Narwal's Contradictory China Lawsuits

On November 13, 2025, Defendant Yunjing Intelligent Innovation (Shenzhen) Co., Ltd. (Narwal's parent company) filed two antitrust lawsuits in China against Cadence's two Shanghai-based subsidiaries. *See* Declaration of Christina E. Myrold ("Myrold Decl.") ¶¶ 2, 4. Cadence did not learn of the lawsuits until November 24, 2025. *Id.* ¶ 6. Since that time, Cadence has been working to determine whether any confidentiality restrictions or data protection laws would prevent Cadence from submitting the filings from the China Lawsuits to this Court. *Id.* Having now confirmed that Cadence is permitted to file these documents in this Court, Cadence brings this motion. *Id.*

Narwal's China Lawsuits allege that Cadence engaged in monopolistic conduct by "seiz[ing] unfairly high profits" from its customers, including Narwal. Myrold Decl. Ex. A-2 at 3; *see also id.* Ex. C-2 at 3. These new allegations are based on the cease-and-desist letters Cadence sent to Narwal and the parties' settlement discussions concerning the case before this Court. *Id.* Ex. A-2 at 3; *id.* Ex. C-2 at 3. Narwal claims in the China Lawsuits that Cadence's rejection of Narwal's demand to settle this case was "a disguised refusal to deal on reasonable terms" in violation of China antitrust laws. *Id.* Ex. A-2 at 3; *id.* Ex. C-2 at 3. As relevant to this motion, Narwal admits in the China Lawsuits that its products and infrastructure are "highly dependent on [Cadence's] EDA software," and as a result of the case before this Court, Narwal "had to seek alternative EDA software products" to "replace all the relevant infrastructure," resulting in "huge economic losses and transition costs." *Id.* Ex. B-2 at 5; *id.* Ex. D-2 at 5. Narwal goes so far as to allege that replacing Cadence's software would be like having "the entire engineering team learn a new language and rebuilding all workflows at significant cost and risk." *Id.* Ex. B-2 at 2; *id.* Ex. D-2 at 2.

### III.    LEGAL AUTHORITY

The Court has discretion to allow a party to file supplemental evidence in support of a motion upon a showing of good cause. *See Resilient Floor Covering Pension Tr. Fund Bd. of Trs. v. Michael's Floor Covering, Inc.*, 801 F.3d 1079, 1088 (9th Cir. 2015). Good cause exists where the evidence is relevant and developed after the close of briefing. *See In re ZF-TRW Airbag Control Units Prods.*

*Liab. Litig.*, 2023 WL 4290384, at *1 (C.D. Cal. Jan. 23, 2023) (finding good cause established where evidence relevant to jurisdiction was developed after the plaintiff submitted its opposition brief); *see also FTC-Forward Threat Control, LLC v. Dominion Harbor Enters., LLC*, 2020 WL 5545156, at *4 (N.D. Cal. Sept. 16, 2020) (granting motion to file supplemental evidence obtained after briefing on motion to dismiss was completed).

## IV.   ARGUMENT

Good cause exists to supplement the record on Narwal's motion to dismiss because the filings in the China Lawsuits were not available to Cadence until after briefing on the motion concluded, and the filings are directly relevant to the jurisdiction, venue, and breach of contract issues pending before this Court. At a minimum, the Court should consider the supplemental evidence in ruling on Narwal's motion to dismiss for lack of jurisdiction and venue pursuant to Rules 12(b)(2) and 12(b)(3), as the Court may consider extrinsic evidence in ruling on such motions. *See Stewart v. Screen Gems-EMI Music, Inc.*, 81 F.Supp.3d 938, 951 (N.D. Cal. 2015) (a court may consider extrinsic evidence when adjudicating a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2)) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)); *see also Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004) (same as to motions brought under Rule 12(b)(3)). Additionally, to the extent the Court is inclined to consider Narwal's declaration in ruling on Narwal's motion to dismiss pursuant to Rule 12(b)(6)—which Cadence objected to when it opposed the motion—the Court should also consider the supplemental evidence, which is properly subject to judicial notice. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (stating courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

**A.   Good Cause Exists To Supplement The Record As To Narwal's Motion To Dismiss Pursuant To Rules 12(b)(2) And 12(b)(3)**

**1.   Cadence Did Not Learn Of The Supplemental Evidence Until After The Close Of Briefing**

Good cause exists to supplement the record because the China Lawsuits were not filed until months after Narwal submitted its reply brief, and Cadence did not learn about the lawsuits until after the parties submitted supplemental briefs on jurisdiction. *See* Myrold Decl. ¶ 6. Cadence therefore

could not have submitted the China lawsuit filings before the briefing on Narwal's motion to dismiss in this lawsuit closed.

### 2. The Supplemental Evidence Is Relevant To The Jurisdiction And Venue Issues Pending Before The Court

Good cause also exists to supplement the record because the supplemental evidence is relevant to the Court's determination of Narwal's motion to dismiss and contradicts Narwal's sworn statements to this Court challenging jurisdiction and venue. Narwal's sworn declaration in support of its motion to dismiss declares that Narwal "strictly adheres" to corporate policies preventing the use of pirated software, Dkt. 33 ¶ 10, and Narwal argued that Cadence's "theory" of jurisdiction and venue supposedly relies "on hypothetical rogue individuals who allegedly clicked a clickwrap SMLA without authority, in defiance of corporate policy, and with zero power to bind Defendants." Dkt. 32 at 22. Narwal argued that if any acts occurred, they were "unilateral, unauthorized acts—by low-level actors violating express company rules" and therefore could not bind the corporation to the SLMA. *Id.*

Narwal now tells the opposite story in the China Lawsuits where it is the plaintiff. Those lawsuits rely on Narwal's contradictory admission that its infrastructure is "highly dependent on [Cadence's] EDA software products," "deeply tied to Cadence's tools," and Narwal will incur "huge economic losses and transition costs" if forced to "seek alternative EDA software products." *See* Myrold Decl. Ex. B-2 at 2, 5; *id.* Ex. D-2 at 2, 5 (same); *id.* Ex. A-2 at 3 (Narwal's process flows are "deeply embedded in Cadence's EDA software ecology" and Narwal's products are "extremely dependent on the EDA software provided by Cadence" such that "[s]witching to other competitors' EDA platform will involve huge transition costs"); *id.* Ex. C-2 at 4 (Narwal "will have to pay huge conversion costs and economic losses" if it is forced to adopt alternative software). Narwal goes so far as to allege that replacing Cadence's software would be like having "the entire engineering team learn a new language and rebuilding all workflows at significant cost and risks ." *Id.* Ex. B-2 at 2; *id.* Ex. D-2 at 2. Contrary to what it has told this Court, Narwal's admission in the China Lawsuits that it is "highly dependent" on Cadence's software demonstrates that Narwal's actual policy and company directive is *to use* Cadence's software without authorization, and that Narwal employees who accepted the SLMA did so as a matter of company policy and with authority to bind the company. The Court

therefore should consider this highly relevant supplemental evidence in deciding Narwal's challenge to this Court's jurisdiction and venue, which cannot be squared with Narwal's new admissions.

B. **To The Extent The Court Considers Narwal's Declaration In Ruling On Its Motion to Dismiss Pursuant to Rule 12(b)(6), The Court Should Also Consider The Supplemental Evidence In Connection With the Rule 12(b)(6) Motion**

Narwal also relied on the same sworn declaration in moving to dismiss Cadence's claim for breach of the SLMA under Rule 12(b)(6). Cadence timely objected to the declaration, as it is neither judicially noticeable nor incorporated into Cadence's Complaint, and thus it may not be considered on a Rule 12(b)(6) motion. *See* Dkt. No. 49 at pp. 20–21. But if the Court is nonetheless inclined to consider it in ruling on Narwal's Rule 12(b)(6) motion, the Court should also consider the filings from the China Lawsuits, which are properly subject to judicial notice and may be considered in evaluating arguments made under Rule 12(b)(6). *See McVey v. McVey*, 26 F. Supp. 3d 980, 984 (C.D. Cal. 2014) ("[P]leadings filed and orders issued in related litigation are proper subjects of judicial notice under Rule 201.") (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006)); *see also Black*, 482 F.3d at 1041 (stating courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Although the Court may not take judicial notice of the underlying factual truth of Narwal's allegations in the China Lawsuits, it may judicially notice the *existence* of contradictory statements and the fact that Narwal made them. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Narwal's motion to dismiss argues that Cadence fails to plead the existence of a valid contract, in relevant part, because (i) Narwal employs and enforces a strict IT/Information Security Policy barring employees from using unlicensed software; (ii) all software must be properly licensed and approved by the company; and (iii) the acts alleged in Cadence's Complaint, if they occurred, were committed by "rogue" employees who did not have actual or apparent authority to bind Narwal to the SLMA. *See* Dkt. No. 32 at 20–22. For the same reasons described above, these arguments are contradicted by Narwal's allegations in the China Lawsuits. Thus, to the extent the Court considers Narwal's sworn declaration in ruling on Narwal's Rule 12(b)(6) motion, the Court should also consider Narwal's contradictory assertions in the China Lawsuits.

## V. CONCLUSION

Cadence respectfully requests that the Court grant this motion and allow Cadence to supplement the record with the filings from the China Lawsuits.

Dated: January 26, 2026                                          GIBSON, DUNN & CRUTCHER LLP

*/s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer
Ilissa Samplin
Shaun A. Mathur
Ahmed ElDessouki
Christina Myrold

*Attorneys for Plaintiff Cadence Design Systems, Inc.*