# EXHIBIT A-1

# 民事起诉状

**原告**：云鲸智能创新（深圳）有限公司，住所地深圳市南山区西丽街道西丽社区打石二路万科云城六期一栋云中城 A2901。

法定代表人：张峻彬，董事长兼总经理。

**被告一**：楷登企业管理（上海）有限公司，住所地中国（上海）自由贸易试验区东育路 221 弄 1 号 10 层（实际楼层为 9 层）。

法定代表人：Arnold Foster Jensen，董事长。

**被告二**：上海楷登电子科技有限公司，住所地中国（上海）自由贸易试验区东育路 221 弄 1 号 5-9 层（实际楼层为 4-8 层）。

法定代表人：Arnold Foster Jensen，董事长。

**案由**：滥用市场支配地位纠纷

**诉讼请求**：

1. 请求确认两被告在本案所确定的相关市场具有市场支配地位；

2. 请求判令两被告立即停止滥用市场支配地位的垄断行为；

3. 请求判令两被告在 Cadense 中国官网（http://www.cadence.com/cn）首页显著位置以及《中国知识产权报》刊登公开声明，以消除垄断行为造成的不良影响；

4. 请求判令两被告赔偿原告因其垄断行为产生的经济损失及合理维权费用共计 9000 万元；

5. 请求判令本案诉讼费用由两被告承担。

**事实与理由：**

电子设计自动化（EDA）软件是支持集成电路设计与验证的计算机工具，主流工具覆盖电路设计、仿真和印刷电路板（PCB）绘制等环节，贯穿芯片设计、制造、封测全流程，被称为"芯片之母"，如果没有EDA软件工具，就无法完成任何一颗现代芯片的设计与制造。在全球EDA软件厂商中，新思科技（Synopsys）公司、楷登电子（Cadence）公司和西门子（Seimens）公司三家长期占据全球和中国绝对市场优势。

本案相关市场界定为2023年和2024年中国境内的EDA软件市场。

**一、两被告具有市场支配地位**

根据多份公开报道，长期以来全球EDA软件市场及中国境内的EDA软件市场份额均呈现高度垄断格局，新思科技公司、楷登电子公司和西门子公司三家头部企业合计占据约80%市场份额，该市场呈现出典型的高度集中、寡头垄断的特征，是一个缺乏竞争的市场，楷登电子公司作为该市场中的寡头之一，其行为缺乏有效竞争约束。据此，结合《反垄断法》第二十三条规定的因素，可以认定楷登电子公司具有市场支配地位，理由如下：

1. 该经营者的财力和技术条件、其他经营者进入相关市场的难易程度

EDA软件是芯片设计的最上游产业，是用来完成超大规模集成电路芯片的功能设计、综合、验证等流程的软件，属于技术密集型产业，其研发需要投入巨额资金和长期的尖端技术积累，形成了极高的技术壁垒，新进入者难以在短期内具备与被告相抗衡的技术实力和产品完整性。

2. 其他经营者对该经营者在交易上的依赖程度、该经营者控制销售市场的能

力

EDA 软件与上下游工具、知识产权库及晶圆厂工艺文件深度耦合，形成了紧密的生态系统。芯片制造商一旦采用楷登电子公司的 EDA 软件进行设计，其积累的设计数据、知识产权和工艺流程将深度嵌入楷登电子公司的 EDA 软件生态中。若要转换至其他竞争者的 EDA 平台，将面临巨大的转换成本，使得使用者被牢牢锁定在楷登电子公司所提供的 EDA 软件生态系统内，极其依赖楷登电子公司提供的 EDA 软件。

3. EDA 软件的开发与优化依赖于庞大的用户反馈和数据，楷登电子公司凭借其先发优势和庞大客户群形成了强大的规模效应，使其具有市场支配地位

综上所述，被告在相关市场具有支配地位。

## 二、被告实施了滥用市场支配地位的垄断行为

两被告是楷登电子公司在中国设立的唯二的全资控股公司，共同负责楷登电子公司在中国境内 EDA 软件市场的事务，具体负责楷登电子 EDA 软件在中国境内的技术开发、技术咨询、技术服务和软件销售工作。两被告是楷登电子在中国相关市场中的实际经营者，且涉案垄断行为通过两被告在中国境内对中国公司实施。两被告利用其市场支配地位实施了多项滥用行为，违反《反垄断法》第二十二条的规定。

首先，被告于 2023 年通过邮件向原告发出获得软件许可并支付许可费的通知，后续原告与被告就楷登电子公司 EDA 软件许可费进行多轮谈判。但被告在谈判过程中，坚持向原告收取远超合理水平的 EDA 软件许可费，其定价并未反映产品的正常价值与合理利润，而是凭借其市场支配地位，利用客户因转换成本过高而被锁定的困境，攫取不公平的高额利润，违反了《反垄断法》第二十二条第一款第（一）项的规定。

其次，在原告以公平的市场价值提出购买邀约，以期达成公平交易条件时，被

告在无任何正当理由的情况下，断然拒绝了原告的合理要求。被告并非基于正常的商业考量，而是滥用其支配地位迫使交易相对人接受其不合理的交易条件，实质上是变相拒绝以合理条件进行交易，违反了《反垄断法》第二十二条第一款第（三）项的规定。

最后，经原告调查发现，被告在与国内多家条件相近、交易量同等级的 EDA 软件使用商进行交易时，在软件授权价格、折扣政策等核心交易条件上实行了明显差异化的待遇，且此种差别待遇缺乏正当理由。该行为破坏了市场竞争的公平原则，违反了《反垄断法》第二十二条第一款第（六）项的规定。

### 三、被告实施的滥用市场支配地位的行为严重排除、限制了相关市场的竞争，应承担相应的法律责任

被告实施滥用市场支配地位的行为抬高了整个行业的运营成本，使得潜在竞争者因难以获得足够的市场空间和利润而难以进入，阻碍了技术创新和市场进入，最终导致中国 EDA 软件市场的高度集中和竞争活力不足。这不仅直接损害了包括原告在内的芯片制造商的合法权益，增加了生产成本，长远来看，也将抑制 EDA 软件市场的技术进步与创新发展，损害中国芯片产业的整体竞争力，产生了严重排除、限制中国境内 EDA 软件市场竞争的损害。原告由于被告所实施的垄断行为，将被迫采用其他 EDA 软件厂商的产品，需付出巨大的转换成本和经济损失。

根据《反垄断法》第六十条规定，"经营者实施垄断行为，给他人造成损失的，依法承担民事责任。被告理应就其滥用市场支配地位的行为承担相应的法律责任。

综上所述，被告实施滥用市场支配地位的垄断行为，排除、限制了相关市场的竞争，扰乱了相关市场的公平竞争秩序，对原告造成了巨大的经济损失。为维护自身合法权益，根据《反垄断法》等相关规定，原告依法提起诉讼，恳请贵院支持原告的全部诉讼请求，依法维护原告的合法权益，维护相关市场的竞争秩序。

5 / 5

此致

上海知识产权法院



原告：云鲸智能创新（深圳）有限公司

法定代表人：张峻彬

2025 年 10 月 30 日

5 / 5