Chao "Wendy" Wang (Bar No. 289325)
wendy.wang@bakerbotts.com
Chuantong "Leon" Wang (Bar No. 359121)
leon.wang@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Rd., Ste. 200
Palo Alto, CA 94304
Tel: (650) 739-7514
Fax: (650) 739-7614

Alison Sigurdsson (Bar No. 308043)
alison.sigurdsson@bakerbotts.com
Erik Isaac Perez (Bar No. 349313)
erik.perez@bakerbotts.com
BAKER BOTTS LLP
101 California St., Ste. 3200
San Francisco, CA 94111
Tel: (415) 291-6248

Zhe Wang (*appearance pro hac vice*)
philip.wang@bayes.law
Kris Teng (*appearance pro hac vice*)
kris.teng@bayes.law
BAYES PLLC
8260 Greensboro Dr., Suite 625
McLean, VA 22102
Tel: (703) 995-9887
Fax: (703) 821-8128

*Attorneys for Defendants*
*YUNJING INTELLIGENT INNOVATION*
*(SHENZHEN) CO., LTD., et al.*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

CADENCE DESIGN SYSTEMS, INC.,

Plaintiff,

v.

YUNJING INTELLIGENT INNOVATION
(SHENZHEN) CO., LTD. (D/B/A NARWAL),
YUNJING INTELLIGENCE ROBOTICS
(DONGGUAN) CO., LTD. (D/B/A NARWAL),
YUNJING INTELLIGENCE TECHNOLOGY
DEVELOPMENT (DONGGUAN) CO., LTD.
(D/B/A NARWAL), JINGZHI INTELLIGENCE
SUPPLY CHAIN (SHENZHEN) CO., LTD.
(D/B/A NARWAL), YUNJING
INTELLIGENCE (SHENZHEN) CO., LTD.
(D/B/A NARWAL),

Defendants.

Case No. 3:25-cv-00317-AMO

**DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT**

Judge: Hon. Araceli Martínez-Olguín

Action Filed: January 9, 2025

The following defendants (collectively, "Defendants" or "Yunjing"), by and through their undersigned counsel, hereby respond to the Complaint of Plaintiff Cadence Design Systems, Inc. ("Plaintiff" or "Cadence"): Yunjing Intelligent Innovation (Shenzhen) Co., Ltd., Yunjing Intelligence Robotics (Dongguan) Co., Ltd., Yunjing Intelligence Technology Development (Dongguan) Co., Ltd., Jingzhi Intelligence Supply Chain (Shenzhen) Co., Ltd., and Yunjing Intelligence (Shenzhen) Co., Ltd.

Unless specifically admitted below, Yunjing denies each and every allegation in the Complaint. The numbered paragraphs below correspond to the numbered paragraphs of the Complaint. Headings used in the Complaint are restated below for ease of reference, but no admissions are thereby made, as such headings are not allegations requiring an answer.

**INTRODUCTION**

1.     Denied.

2.     Denied as to Defendants' alleged acts. For the remaining allegations regarding Cadence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and therefore deny the same.

3.     Denied as to Defendants' alleged acts. For the remaining allegations regarding Cadence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore deny the same.

**THE PARTIES**

4.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

5.     Defendant Yunjing Intelligent Innovation (Shenzhen) Co., Ltd. admits that it is a Chinese company. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 5.

6.     Admitted.

7.     Admitted.

8.     Admitted.

9.     Admitted.

1

10.     Denied.

## JURISDICTION AND VENUE

11.     Denied.

12.     To the extent the allegations in Paragraph 12 state legal conclusions, no response is required. To the extent a response is required, denied. Defendants deny that they contractually agreed to submit to the jurisdiction of any court in this District. Defendants deny that they entered into the Software License and Maintenance Agreement ("SLMA") referenced in the Complaint.

13.     To the extent the allegations in Paragraph 13 state legal conclusions, no response is required. To the extent a response is required, Defendants deny that this Court has personal jurisdiction over Defendants. Defendants deny that they circumvented any technological measures in this District or anywhere else. Defendants deny that they used unauthorized versions of any software. Defendants deny that they entered into any Software License and Maintenance Agreement with Plaintiff. Defendants deny that they contractually agreed to submit to the jurisdiction of any court in California or this District. Defendants deny the remaining allegations in Paragraph 13 and refer the questions of law to the Court.

14.     Denied.

## FACTUAL BACKGROUND

**A.     The Cadence Software**

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny the same.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore deny the same.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny the same.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore deny the same.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore deny the same.

**B.      Cadence's Software Security Measures**

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore deny the same.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore deny the same.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore deny the same.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore deny the same.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore deny the same.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore deny the same.

26.     Denied as to Defendants' alleged acts. For the remaining allegations regarding Cadence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore deny the same.

**C.      Cadence's Clickwrap License Agreement**

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore deny the same.

28.     Denied as to Defendants' alleged acts. For the remaining allegations regarding Cadence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore deny the same.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

3

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, so deny the same.

35. Defendants deny that they installed the Cadence Software or License Manager. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and therefore deny the same.

**D.    Defendants' Unauthorized Access and Use of Cadence Software**

36. Defendants admit that one of them manufactures smart cleaning robots. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 36.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, so deny the same.

43. Denied.

**E.    Defendants' Continued Unauthorized Use of Cadence Software**

44. Defendants admit that one of them received letters from Plaintiff, including a letter dated September 27, 2024. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 44, including any characterization of the content or purpose of such letters.

45. Paragraph 45 states legal conclusions to which no response is required. To the extent a response is required, denied.

**CLAIMS FOR RELIEF**

**COUNT I**

**(Circumvention of Copyright Protection Systems under 17 U.S.C. § 1201)**

46. Defendants incorporate and reallege by reference paragraphs 1–45 above as if fully set forth herein. Otherwise denied.

4

47.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore deny the same.

48.  Denied.

49.  Denied.

50.  Denied.

51.  Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, denied.

52.  Paragraph 52 states legal conclusions to which no response is required. To the extent a response is required, denied.

## COUNT II

### (Breach of Contract)

53.  Defendants incorporate and reallege by reference paragraphs 1–52 above as if fully set forth herein. Otherwise denied.

54.  Defendants deny that they expressly agreed to or became bound by any SLMA. To the extent a response is required, denied.

55.  Denied.

56.  Denied.

57.  Denied.

58.  Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, denied.

## PRAYER FOR RELIEF

Denied that Plaintiff is entitled to any relief asked for in its prayer.

To the extent Defendants have not addressed any allegation in the Complaint, Defendants deny each such allegation. Defendants further deny all paragraphs of the prayer for relief.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Defendants allege and assert the following defenses to the allegations of Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In

5

addition to the defenses described below, Defendants specifically reserve all rights to allege additional defenses that become known through the course of discovery. Defendants incorporate their responses to the Complaint herein.

## 1st Affirmative Defense

## (Failure to State a Claim)

The Complaint fails to state a claim against Defendants on which relief can be granted.

## 2nd Affirmative Defense

## (Lack of Personal Jurisdiction)

The Court lacks personal jurisdiction over Defendants.

## 3rd Affirmative Defense

## (Lack of Subject-Matter Jurisdiction)

The Court lacks subject-matter jurisdiction over the claims in this action.

## 4th Affirmative Defense

## (Invalid or Unenforceable Copyright Registration)

Plaintiff's claims are barred, in whole or in part, to the extent any copyright claim and/or registration asserted by Plaintiff is invalid, unenforceable, and/or otherwise defective under applicable copyright law.

## 5th Affirmative Defense

## (Fair Use)

Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

## 6th Affirmative Defense

## (Copyright Misuse)

Plaintiff's claims are barred, in whole or in part, by the doctrine of misuse of copyright.

## 7th Affirmative Defense

## (Lack of Standing)

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing.

## 8th Affirmative Defense

6

**(Statute of Limitations)**

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

**9th Affirmative Defense**

**(Laches)**

Plaintiff's claims are barred, in whole or in part, by laches. Upon information and belief, Plaintiff had knowledge of the acts of which it now complains well prior to filing this action and unreasonably delayed in bringing this lawsuit, to the prejudice of Defendants.

**10th Affirmative Defense**

**(Failure to Mitigate Damages)**

If Plaintiff has sustained damages by reason of the allegations in the Complaint, which is expressly denied, then Plaintiff may not recover for such damages because by its own acts and omissions, Plaintiff has failed to properly mitigate such damages.

**11th Affirmative Defense**

**(No Entitlement to Profits)**

Plaintiff is not entitled to recover any of Defendants' profits because such profits, if any, are not attributable to any alleged violation, are duplicative of Plaintiff's purported actual damages, and/or the relevant factors do not warrant such a remedy (including, but not limited to, absence of intent to deceive and adequacy of other remedies).

**12th Affirmative Defense**

**(Lack of Conduct)**

Plaintiff's claims are barred, in whole or in part, as to any Defendant entity that does not conduct business operations, exists only on paper, and has no employees or computers and cannot engage in the alleged circumvention, breach, or other misconduct alleged in the Complaint.

**13th Affirmative Defense**

**(No Entitlement to Injunctive Relief)**

Plaintiff is not entitled to injunctive relief at least because any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has adequate remedies at law.

**14th Affirmative Defense**

7

**(Unclean Hands)**

Plaintiff is not entitled to any equitable relief as Plaintiff stands before this Court with unclean hands.

**15th Affirmative Defense**

**(Due Process / Excessive Damages)**

Plaintiff's claims for damages are barred to the extent they seek to impose damages that are grossly excessive or imposed without adequate procedural protections.

**16th Affirmative Defense**

**(Extraterritoriality)**

Plaintiff's claim under 17 U.S.C. § 1201 is barred, in whole or in part, because the DMCA does not apply extraterritorially and the alleged conduct does not constitute a permissible domestic application of the statute. The alleged circumvention occurred outside the United States, and Defendants reserve the right to further develop this defense through discovery.

**17th Affirmative Defense**

**(No Vicarious Liability — Control)**

To the extent Plaintiff bases any of its claims upon vicarious or secondary liability, they are barred because Defendants do not have the right or ability to control the alleged primary infringement.

**18th Affirmative Defense**

**(No Vicarious Liability — Primary Liability)**

To the extent Plaintiff bases any of its claims upon vicarious or secondary liability, they are barred because Plaintiff cannot establish the primary liability of Defendants' users, including because such users' conduct constitutes fair use, de minimis use, and/or is otherwise not actionable.

**19th Affirmative Defense**

**(No Vicarious Liability — No Financial Benefit)**

To the extent Plaintiff bases any of its claims upon vicarious or secondary liability, they are barred because Defendants did not obtain a direct financial benefit from the alleged primary infringement.

## 20th Affirmative Defense

### (No Contributory Liability)

To the extent Plaintiff bases any of its claims upon contributory or willful liability, they are barred because Defendants did not have requisite knowledge of the alleged primary infringement and did not encourage or induce the alleged primary infringement.

## 21st Affirmative Defense

### (No Contract Formation)

Plaintiff's breach of contract claim is barred, in whole or in part, because no valid contract was formed between Plaintiff and Defendants. Defendants did not assent to the terms of any purported Software License and Maintenance Agreement ("SLMA"). Any alleged clickwrap agreement fails for lack of mutual assent, lack of consideration, and/or indefiniteness. Defendants did not manifest assent to the SLMA through any objectively reasonable conduct; the automated "one-click" installation process employed by a third-party website did not present Defendants with an opportunity to review, accept, or reject the terms of the SLMA. No employee or agent of Defendants had authority to bind any Defendant entity to the SLMA, and Defendants did not ratify any such purported agreement. The applicable law governing contract formation, which remains unresolved, may preclude enforcement of the SLMA. To the extent the SLMA purports to impose obligations on Defendants, it fails for lack of consideration because no license was ever purchased from or granted by Plaintiff to Defendants, and Defendants received no benefit under the agreement.

## 22nd Affirmative Defense

### (Unconscionability)

To the extent any contractual relationship is found to exist between Plaintiff and any Defendant, such contract or its terms are unenforceable as unconscionable.

## 23rd Affirmative Defense

### (Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## 24th Affirmative Defense

### (Estoppel)

9

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, in that Plaintiff engaged in conduct with respect to the subject matter of this dispute that precludes it from asserting its claims against Defendants.

Defendants reserve all defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or equity, that may become available upon discovery and further factual investigation. Defendants specifically reserve the right to modify, amend, or supplement any defense contained in this Answer.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request that this Court grant judgment in their favor and against Plaintiff and award to Defendants:

1. A judgment in favor of Defendants denying Plaintiff all relief requested in its Complaint and dismissing the Complaint with prejudice;

2. Pre-judgment interest as may be provided by law;

3. Reasonable and necessary attorneys' fees and costs of court through trial and appeal of this action; and

4. Such other and further relief to which Defendants may be entitled.

## JURY DEMAND

Defendants demand a trial by jury on all issues and claims so triable.

DATED: March 31, 2026

By:  /s/ Chao "Wendy" Wang
Chao "Wendy" Wang (Bar No. 289325)
wendy.wang@bakerbotts.com
Chuantong "Leon" Wang (Bar No. 359121)
leon.wang@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mil Rd., Ste. 200
Palo Alto, CA 94304
Tel: (650) 739-7514
Fax: (650) 739-7614

Alison Sigurdsson (Bar No. 308043)
alison.sigurdsson@bakerbotts.com
Erik Perez (Bar No. 349313)
erik.perez@bakerbotts.com

10

BAKER BOTTS LLP
101 California St., Ste. 3200
San Francisco, CA 94111
Tel: (415) 291-6248
Fax: (415) 291-6300

Zhe Wang (*appearance pro hac vice*)
philip.wang@bayes.law
Kris Teng (*appearance pro hac vice*)
kris.teng@bayes.law
BAYES PLLC
8260 Greensboro Dr., Suite 625
McLean, VA 22102
Tel: (703) 995-9887
Fax: (703) 821-8128

J. Benjamin Bai (*appearance pro hac vice*)
benjamin.bai@cn.kwm.com
King & Wood Mallesons LLP
50th Floor, 500 Fifth Avenue
New York, NY 10110
Tel.: (212) 319-4755
Fax: (917) 591-8167

Haolu Feng (*appearance pro hac vice*)
harry.feng@cn.kwm.com
King & Wood Mallesons
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031 China
Tel.: +86 21 2352 6585
Fax: +86 21 2412 6150

*Attorneys for Defendants Yunjing Intelligent Innovation (Shenzhen) Co., Ltd. (d/b/a Narwal), Yunjing Intelligence Robotics (Dongguan) Co., Ltd. (d/b/a Narwal), Yunjing Intelligence Technology Development (Dongguan) Co., Ltd. (d/b/a Narwal), Jingzhi Intelligence Supply Chain (Shenzhen) Co., Ltd. (d/b/a Narwal), and Yungjing Intelligence (Shenzhen) Co., Ltd. (d/b/a Narwal)*

11