L. Kieran Kieckhefer (SBN 251978)
  kkieckhefer@gibsondunn.com
Christina Myrold (SBN 324183)
  cmyrold@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

Ilissa Samplin (SBN 314018)
  isamplin@gibsondunn.com
Shaun A. Mathur (SBN 311029)
  smathur@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

Ahmed ElDessouki (*pro hac vice*)
  aeldessouki@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:    212.351.4000
Facsimile:    212.351.4035

*Attorneys for Plaintiff*
*CADENCE DESIGN SYSTEMS, INC.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> YUNJING INTELLIGENT INNOVATION (SHENZHEN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE ROBOTICS (DONGGUAN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE TECHNOLOGY DEVELOPMENT (DONGGUAN) CO., LTD. (D/B/A NARWAL), JINGZHI INTELLIGENCE SUPPLY CHAIN (SHENZHEN) CO., LTD. (D/B/A NARWAL), YUNJING INTELLIGENCE (SHENZHEN) CO., LTD. (D/B/A NARWAL), <br><br> Defendants. | CASE NO. 3:25-cv-00317-AMO <br><br> **PLAINTIFF CADENCE DESIGN SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** <br><br> Judge:    Hon. Araceli Martinez-Olguín <br><br> Hearing Date:    June 18, 2026 <br> Time:    2:00 pm <br> Action Filed:    January 9, 2025 <br> Trial Date:    February 22, 2028 |

Gibson, Dunn &
Crutcher LLP

## NOTICE OF MOTION AND MOTION

### TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 18, 2026 at 2:00 pm before the Honorable Araceli Martinez-Olguín, in Courtroom 10 of the San Francisco Courthouse, located 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Cadence Design Systems, Inc. ("Cadence") will and hereby does move this Court to strike the affirmative defenses in the Answer (Dkt. No. 99) filed by Defendants Yunjing Intelligent Innovation (Shenzhen) Co., Ltd., Yunjing Intelligence Robotics (Dongguan) Co., Ltd., Yunjing Intelligence Technology Development (Dongguan) Co., Ltd., Jingzhi Intelligence Supply Chain (Shenzhen) Co., Ltd., and Yunjing Intelligence (Shenzhen) Co., Ltd. ("Defendants" or "Narwal").

Cadence moves to strike Narwal's affirmative defenses as insufficiently alleged, not cognizable, or both. This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all other pleadings and papers on file in this action, any oral argument that may be heard by the Court, and any other matters that the Court may deem appropriate.

DATED: April 21, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer
Ilissa Samplin
Shaun A. Mathur
Ahmed ElDessouki
Christina Myrold

*Attorneys for Plaintiff Cadence Design Systems, Inc.*

## I.    INTRODUCTION

Plaintiff Cadence Design Systems, Inc. ("Cadence") respectfully moves to strike Narwal's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).    Narwal asserts 24 boilerplate, conclusory affirmative defenses, none of which are supported by any factual allegations.    These defenses fail for several independent reasons.

*First*, Narwal's bare-bones pleading falls far short of the requirements under *Iqbal* and *Twombly*, which is the pleading standard this District applies to affirmative defenses.    Narwal's Answer lists each affirmative defense as a single conclusory sentence, without any supporting facts.  Rather than provide Cadence with fair notice of the nature and grounds of its defenses, Narwal has merely compiled a litany of 24 legal theories that it may—or may not—pursue at some later stage of the litigation.

*Second*, many of Narwal's affirmative defenses are not cognizable as a matter of law.    For example, Narwal's First Affirmative Defense for "Failure to State a Claim" has repeatedly been rejected by the Ninth Circuit and courts in this District as an affirmative defense.    The same is true of other defenses that merely seek to negate elements of Cadence's claims, such as Narwal's Twelfth and Twenty-First Affirmative Defenses for "Lack of Conduct" and "No Contract Formation."

*Third*, Narwal asserts affirmative defenses that this Court has already considered and rejected.    For example, Narwal's Second Affirmative Defense for "Lack of Personal Jurisdiction" is foreclosed by the Court's Order denying Narwal's motion to dismiss (Dkt. No. 95).

The purpose of affirmative defenses is to give the plaintiff fair notice so that it may prepare for trial.    Narwal's conclusory recitations and factually unsupported defenses accomplish the opposite—they obscure the nature of any actual defense and impose unnecessary discovery and litigation burdens on Cadence.  Because Narwal's affirmative defenses are factually deficient, legally improper, and in multiple instances foreclosed, they should be stricken.

## II.    BACKGROUND

### A.    Relevant Factual Background

Cadence is a California-based leader in Electronic Design Automation software, which is used by customers in nearly every industry, including automotive, mobile, aerospace, consumer electronics,

Gibson, Dunn & Crutcher LLP

and healthcare.  Dkt. No. 1 ("Compl.") ¶ 2.  Cadence has invested hundreds of millions of dollars and expended considerable resources researching, designing, and refining its software.  *Id.* ¶ 17.

Cadence has taken several steps to protect its proprietary software from unauthorized use.  For instance, Cadence owns registered U.S. copyrights and has limited the use of its software products to customers who execute a license agreement and pay license fees.  Compl. ¶¶ 2, 21, 23, 27.  Cadence has also implemented security measures to prevent unauthorized use of its software.  *Id.* ¶ 20.  Despite Cadence taking these measures, software pirates have learned to "crack[]" its software to circumvent the security measures that limit access to authorized users with valid license files.  *Id.* ¶ 25.

Narwal manufactures smart cleaning robots, which are sold in the United States and other countries.  Compl. ¶¶ 1, 36.  To make these products, Narwal relies in part on Cadence's proprietary software.  But Narwal is not a customer of Cadence or has never obtained a valid license from Cadence to access and use Cadence's copyrighted software.  *Id.*  ¶¶ 2, 37.  Instead, Narwal has engaged in a scheme to illegally obtain, copy, reproduce, and use Cadence's copyrighted software without authorization.  *Id*. ¶¶ 38–41.  For years, Narwal has modified the Cadence License Manager, the Cadence software, and/or the associated license files to bypass the required entry of a legitimate license file.  *Id.* ¶¶ 38–41, 48.  Using its Phone Home System, Cadence has collected evidence indicating that Narwal has in the aggregate committed more than 200,000 instances of unauthorized use of Cadence's software.  *Id.* ¶ 42.  By engaging in such theft, Narwal has stolen millions of dollars in license fees from Cadence and has for years unlawfully reaped the benefits of Cadence's valuable intellectual property without payment or authorization, and in violation of the law.  *Id.* ¶ 43

B.    **Relevant Procedural History**

On January 9, 2025, Cadence filed its Complaint, alleging claims against Narwal for violations of the Digital Millennium Copyright Act ("DMCA") and breach of the Cadence's Software License and Maintenance Agreement ("SLMA").  Dkt. 1.  On April 21, 2025, Narwal filed a motion to dismiss challenging personal jurisdiction, venue, and the sufficiency of Cadence's claims.  Dkt. No. 32.

On March 17, 2026, the Court denied Narwal's motion to dismiss in full, holding that (1) Cadence made a prima facie showing of personal jurisdiction based on purposeful direction and the SLMA's forum-selection clause; (2) that venue in this District is proper; and (3) that Cadence plausibly

alleged both a domestic application of the DMCA and the existence of an enforceable contract. Dkt. No. 95.

On March 31, 2026, Narwal filed its Answer asserting 24 boilerplate affirmative defenses, including defenses foreclosed by the Court's order denying Narwal's motion to dismiss. Dkt. No. 99. Each of Narwal's affirmative defenses is comprised of a single sentence without any recitation of supporting facts. *See id.*

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." This applies to affirmative defenses. *See Scott Griffith Collaborative Sols., LLC v. Falck N. California Corp.*, 2021 WL 4846935, at *2 (N.D. Cal. June 7, 2021). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives [a] plaintiff fair notice of the defense." *Id.* (quoting *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).

Courts in this District "have consistently, if not universally, held that the heightened pleading standard laid out by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies to the pleading of affirmative defenses." *Scott Griffith Collaborative Sols., LLC*, 2021 WL 4846935, at *2 (collecting cases). Accordingly, an affirmative defense should be stricken if it does not contain sufficient factual matter to state a defense "that is plausible on its face." *Id.* (citing *Iqbal*, 556 U.S. at 678). An affirmative defense should also be stricken as "legally insufficient when 'it lacks merit under any set of facts the defendant might allege.'" *Murphy v. Trader Joe's*, 2017 WL 235193, at *1 (N.D. Cal. Jan. 19, 2017) (citation omitted).

## IV.    ARGUMENT

Narwal has asserted 24 affirmative defenses, none of which are supported by any factual allegations and many of which are not cognizable as a matter of law or have already been rejected by this Court. For the reasons discussed below, the Court should strike all of the affirmative defenses pled in the Answer.

Gibson, Dunn & Crutcher LLP

4

## A.    Narwal's Affirmative Defenses Should Be Stricken As Factually Insufficient

Each one of Narwal's 24 affirmative defenses is insufficiently pled and should be stricken. Narwal offers only a series of conclusory, one-sentence assertions that do not come close to satisfying federal pleading standards.

Courts in this District require "affirmative defenses to meet the heightened pleading standard dictated by the Supreme Court in *Twombly* and *Iqbal*." *Minns v. Advanced Clinical Emp. Staffing LLC*, 2014 WL 5826984, at * 2 (N.D. Cal. Nov. 10, 2014) (collecting cases and finding affirmative defenses "fail[ed] on their face" because they were "stated as conclusions and devoid of supporting facts indicating plausibility").

The 24 affirmative defenses in Narwal's Answer are all entirely conclusory, consisting of one or two sentences that lack any factual support.  The defenses fail to provide fair notice, much less facts, to raise relief above a speculative level under *Twombly* and *Iqbal*.  Courts in this district routinely strike affirmative defenses pled in this manner.  *See, e.g.*, *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (granting motion to strike where defendant "simply list[ed] a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why the affirmative defense might exist"); *Scott Griffith Collaborative Sols., LLC*, 2021 WL 4846935, at * 3 (striking defenses that were "insufficiently pled" because the answer did "not include a recitation of facts supporting those [defenses]"); *Hernandez v. Cnty. of Monterey*, 306 F.R.D. 279, 285 (N.D. Cal. 2015) (striking affirmative defenses that failed to point to any identifiable facts that, if applicable, would make the affirmative defense plausible on its face).

Narwal's Fourteenth Affirmative Defense (unclean hands) exemplifies the conclusory and superfluous nature of its affirmative defenses.  It consists of a single sentence:  "Plaintiff is not entitled to any equitable relief as Plaintiff stands before this Court with unclean hands."  Dkt. No. 99 at 8. Narwal fails to plausibly allege any theory (much less facts supporting that theory) as to why Cadence purportedly acted with "unclean hands."  This is precisely the type of "formulaic recitation" that *Twombly* and *Iqbal* reject.  *Twombly*, 550 U.S. at 545.  The same is true across all 24 defenses.  *See, e.g.*, Dkt. No. 99 (Seventh Affirmative Defense (lack of standing) pled as, "Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing."); Twenty-

Gibson, Dunn & Crutcher LLP

Second Affirmative Defense (unconscionability) pled as, "To the extent any contractual relationship is found to exist between Plaintiff and any Defendant, such contract or its terms are unenforceable as unconscionable."); (Twenty-Third Affirmative Defense (waiver) pled as, "Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.")  None includes any factual content that would give Cadence fair notice of the nature or grounds of the purported defense.  This conclusory pleading prejudices Cadence, in that it "would be required to conduct expensive and potentially unnecessary and irrelevant discovery." *Barnes*, 718 F. Supp. 2d at 1173.  "After *Iqbal*, 'the burden is on the *defendant* to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended.'" *Hernandez*, 306 F.R.D. at 284 (emphasis in original) (citation omitted).

Because Narwal has failed to allege any facts to support any of its affirmative defenses, all 24 should be stricken.

**B.      Narwal's Affirmative Defenses Should Be Stricken As Legally Insufficient**

Several of Narwal's affirmative defenses should be stricken without leave to amend because they are not cognizable as a matter of law.  *See Murphy*, 2017 WL 235193, at *2.  This includes Narwal's First, Fourth, Seventh, Eleventh, Twelfth, Thirteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty-First Affirmative Defenses.  *See* Dkt. No. 99 at 6–9. Each of these defenses—failure to state a claim, invalid or unenforceable copyright registration, lack of standing, no entitlement to profits, lack of conduct, no entitlement to injunctive relief, due process/excessive damages, extraterritoriality, no vicarious liability, no contributory liability, and lack of contract formation—merely dispute elements of Cadence's claims or challenge Cadence's ability to prove its case.  They are not proper affirmative defenses.

"Defenses that negate an element of the plaintiffs' proof are not affirmative defenses," and "[l]abeling contentions that only attack the sufficiency of [Cadence's] proof as affirmative defenses is improper."  *Hernandez*, 306 F.R.D. at 289; *see also Zivkovic v. s. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that a plaintiff has not met its burden of proof is not an affirmative defense.").

Gibson, Dunn &
Crutcher LLP

6

**Narwal's First and Seventh Affirmative Defenses.**  Narwal's First Affirmative Defense (failure to state a claim) and Seventh Affirmative Defenses (lack of standing) simply assert that Cadence cannot establish elements of its claim.  *See* Dkt. 99 at 6.  Courts in this District have repeatedly held that "'failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [a plaintiff's] prima facie case.'"  *Krulee v. Receivables Performance Mgt., LLC*, 2014 WL 4954836, at *1 (N.D. Cal. Oct. 1, 2014) (quoting *Barnes*, 718 F. Supp. 2d at 1174); *see also Minns*, 2014 WL 5826984 at *3.  And "lack of standing, like failure to state a claim, is not a true affirmative defense." *Kanaan v. Yaqub*, 709 F. Supp. 3d 864, 869 (N.D. Cal. 2023) (collecting cases); *J&J Sports Productions, Inc. v. Vizcarra*, 2011 WL 4501318, at *2 (N.D. Cal. Sept. 27, 2011) ("Because a plaintiff must plead and ultimately prove standing, lack of standing 'is not an affirmative defense under federal law.'") (citation omitted).

**Narwal's Fourth, Twelfth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty-First Affirmative Defenses.**  The same defect applies to these defenses, all of which merely negate elements of Cadence's claims or assert that Narwal did not engage in the alleged wrongdoing.  Narwal's Fourth Affirmative Defense (invalid or unenforceable copyright registrations) and Sixteenth Affirmative Defense (extraterritoriality) merely challenge Cadence's ability to prove its DMCA claim.  Such arguments go to the merits, not to any separate affirmative defense.  *See Shropshire v. Canning*, 809 F. Supp. 2d 1139, 1144 (N.D. Cal. 2011) (extraterritoriality is properly treated as an "element of a claim for copyright infringement"); *Scott Griffith Collaborative Sols., LLC*, 2021 WL 4846935, at *4 (striking affirmative defense for "invalid or enforceable copyrights").  Similarly, Narwal's Twelfth Affirmative Defense (lack of conduct) and Seventeenth, Eighteenth, Nineteenth and Twentieth Affirmative Defenses (no vicarious or contributory liability) are simply denials that it engaged in the alleged wrongdoing.  And its Twenty-First Affirmative Defense (no contract formation) challenges whether Cadence can establish a necessary element of its contract claim. These are not affirmative defenses—they are denials.  *See Zivkovic*, 302 F.3d at 1088; *Scott Griffith Collaborative Sols., LLC*, 2021 WL 4846935, at *4 (striking defense of "no copyright infringement").

**Narwal's Eleventh, Thirteenth, and Fifteenth Affirmative Defenses.**  Narwal's Thirteenth Affirmative Defense (no entitlement to injunctive relief) simply contests the availability of a remedy.

Gibson, Dunn & Crutcher LLP

7

It is not an affirmative defense. *See, e.g.*, *Scott Griffith Collaborative Sols., LLC*, 2021 WL 4846935, at *4 (striking affirmative defense of "no basis for injunction" on the ground that it is not an affirmative defense); *Pac. Digital Grp. v. Blue Media Mktg.*, 2021 WL 5768124, at *5 (S.D. Cal. Feb. 9, 2021) (striking affirmative defense because it was "essentially a denial of [Plaintiffs'] claim for injunctive relief, not an affirmative defense."). Similarly, Narwal's Eleventh Affirmative Defense (no entitlement to profits) and Fifteenth Affirmative Defense (Due Process / Excessive Damages) are assertions that Cadence is not entitled to certain remedies, which are not proper affirmative defenses. *Scott Griffith Collaborative Sols., LLC*, 2021 WL 4846935, at *8 (striking affirmative defenses of "no damage" and "no punitive damages").

**Reservation of Defenses.** Narwal's Answer also includes a boilerplate "reservation of rights," purporting to reserve "all defenses under Rule 8(c)" and "any other defenses" that may later become available, as well as the right to amend its Answer in the future. Dkt. No. 99 at 10. That reservation is improper and should be stricken. *Scott Griffith Collaborative Sols., LLC*, 2021 WL 4846935, at *8 (striking improper reservation of defenses).

Because these defenses do not constitute affirmative defenses under any set of facts, amendment would be futile. They should therefore be stricken without leave to amend. *Scott Griffith Collaborative Sols., LLC*, 2021 WL 4846935, at *4–8.

**C.    Narwal's First and Second Affirmative Defenses Should be Stricken As Redundant**

Finally, Narwal's First and Second Affirmative Defenses simply recite arguments that the Court has already considered and rejected. *See* Dkt. No. 95. Such defenses are improper and should be stricken as redundant.

In its order denying Narwal's motion to dismiss, the Court held that Cadence established a prima facie showing of personal jurisdiction and that Cadence adequately alleged a domestic application of the DMCA. *See id.* Narwal nevertheless reasserts those same arguments as affirmative defenses. Specifically, Narwal's First Affirmative Defense (failure to state a claim) and Second Affirmative Defense (lack of personal jurisdiction) each mirror arguments raised—and rejected—in Narwal's motion to dismiss. Narwal cannot relitigate these same issues through affirmative defenses. *See Scott Griffith Collaborative Sols.*, LLC, 2021 WL 4846935, at * 4 (striking failure to state a claim

Gibson, Dunn & Crutcher LLP

8

defense because defendants "already availed themselves of th[e] defense" through their Rule 12(b)(6) motion, which was denied); *Kanaan*, 709 F. Supp. 3d at 870 ("[A] defense that was previously rejected by the Court" in an order denying a motion to dismiss "must be stricken as redundant.").

Because these defenses are duplicative of arguments the Court has already rejected, they should be stricken without leave to amend.

**D.    Narwal Should Not be Afforded Leave To Amend Its Affirmative Defenses Because Amendment Would Be Futile**

While leave to amend "shall be freely given when justice so requires," the Court may deny leave where amendment would be futile. *J & J Sports Prods., Inc.*, 2013 WL 2083123, at *6 (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). Here, many of Narwal's asserted defenses suffer from defects that cannot be cured through amendment. As set forth above, several of Narwal's defenses—including failure to state a claim, lack of standing, lack of conduct, lack of entitlement to injunctive relief, and similar theories—are not affirmative defenses as a matter of law because they merely negate elements of Cadence's claims. No additional factual allegations could transform these denials into proper affirmative defenses. Courts in this District routinely strike such defenses without leave to amend for that reason. *See e.g., Scott Griffith Collaborative Sols., LLC*, 2021 WL 4846935, at *4–8; *Minns*, 2014 WL 5826984, at *3–4.

The same is true for defenses that simply reassert arguments this Court has already rejected. Narwal's defenses based on failure to state a claim and lack of personal jurisdiction raised in its motion to dismiss were rejected in the Court's prior order. Because those issues have already been adjudicated, amendment would be futile.

**V.    CONCLUSION**

Cadence respectfully requests that the Court strike Narwal's affirmative defenses and deny leave to amend as to those defenses that are legally deficient or redundant.

Gibson, Dunn & Crutcher LLP

9

Dated:  April 21, 2026

GIBSON, DUNN & CRUTCHER LLP

/s/ L. Kieran Kieckhefer

L. Kieran Kieckhefer
Ilissa Samplin
Shaun A. Mathur
Ahmed ElDessouki
Christina Myrold

*Attorneys for Plaintiff Cadence Design Systems, Inc.*

CADENCE'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 3:25-CV-00317-AMO